IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALFA INSURANCE CORPORATION,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MATT GILBERT,  )<br>THREE OAKS CONSTRUCTION AND  )<br>DEVELOPMENT, INC.,  )<br>JONES LAND DEVELOPERS, LLC,  )<br>ZETA ROWNTREE, CHUCK ROBINSON, )<br>and KRISTIE ROBINSON,  )<br>)<br>)<br>Defendants.  )<br>_____) | CIVIL ACTION NO. 5:21-CV-358 (MTT) |

### ORDER

On December 15, 2021, Plaintiff Alfa Insurance Corporation ("Alfa") moved for default judgment as to Defendants Matt Gilbert, Three Oaks Construction and Development, Inc. ("Three Oaks"), and Jones Land Developers, LLC ("JLD"). Doc. 21. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk's Office made an entry of default on November 29, 2021. The defendants have responded to neither the Clerk's entry of default nor Alfa's motion for default judgment. For the reasons stated below, the plaintiff's motion is **GRANTED.**

**I.   BACKGROUND**

This case arises out of insurance coverage disputes stemming from construction activities located on certain real property consisting of approximately 105 acres near US Highway 41 South and Sanders Road in Monroe County, Georgia which is owned

and/or operated by Gilbert, Three Oaks, and JLD (the "Property").  Defendants Zeta Rowntree, Chuck Robinson, and Kristie Robinson filed the underlying lawsuit in this Court, which alleges that Defendants Gilbert, Three Oaks, and JLD are liable for a number of things, including erosion and pollution allegedly caused by their construction activities.  No. 5:21-CV-00255-MTT.

Alfa, an insurer, issued a homeowner's insurance policy and an umbrella policy ("Policies") to Gilbert.  These Policies do not list the Property as an insured location; therefore, Alfa contests coverage for the claims asserted against Gilbert.  Alfa also contends the Policies expressly exclude coverage for the underlying claims because Gilbert was engaged in a business operation at the Property and the damages alleged in the underlying action arise out of claims of pollution.  Further, Alfa contests coverage because Gilbert failed to notify Alfa as soon as practicable, which is a condition precedent to coverage under the Policies.

## II.    DISCUSSION

Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, Alfa brought an action for declaratory judgment and joined all individuals and entities interested in the outcome of this action.  The purpose of the action is to determine the rights and other legal relations surrounding questions of actual controversy between Alfa and various defendants.  "Federal courts long have held that an insurance company seeking determination of its liabilities under an insurance contract could utilize the Declaratory Judgment Act for such purpose."  *Auto-Owners Ins. Co. v. Whatley*, 2006 WL 3792018 at 1 (M.D. Ga. Nov. 7, 2006), *citing State Farm Mut. Auto. Ins. Co. v. Bates*, 542 F. Supp. 807, 817 (M.D. Ga. 1982).  Here, Gilbert, Three Oaks, and JLD have been properly joined, each

with a possible interest in the outcome of the pending coverage dispute.  Thus, a sufficient basis exists for entry of default judgment.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Here, the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  The amount in controversy for declaratory relief is the monetary value of the object of the litigation from the plaintiff's perspective.  *Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citation omitted).  The instant suit involves insurance coverage issues as they relate to the underlying action.  Therefore, the Court must look to the amount in controversy in the underlying action.  *Canal Ins. Co. v. Williams*, 2013 U.S. Dist. LEXIS 204808 (S.D. GA 2013), *citing Sua Ins. Co, v. Classic Home Builders, LLC,* 751 F. Supp. 2d 1245, 1251 (S.D. Ala. 2010); *Goodin v. Fidelity Nat'l Title Ins. Co.*, 2012 WL 473913, at *3 (M.D. Fla. Feb. 14, 2012).  The complaint in the underlying action seeks well over $75,000 against Gilbert and his co-defendants; therefore, the amount in controversy has been met.

Because of Gilbert, Three Oaks, and JLD's default, the well-pleaded facts alleged in Alfa's complaint are deemed admitted.  *See Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  "[H]owever, a defendant's default does not in itself warrant the court in entering a default judgment" because "[t]here must be a sufficient basis in the pleadings for the judgment entered."  *Id*.  Here, Alfa's complaint sets forth a valid legal claim against the defendants and thus provides a sufficient basis for entering judgment against them.

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

"The entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985) (citation omitted). Here, the Court finds the entry of a default judgment appropriate. Gilbert, Three Oaks, and JLD were personally served with the summons and complaint in accordance with the requirements of the Federal Rules of Civil Procedure. Gilbert was served on October 22, 2021. Three Oaks and JLD were both served on October 25, 2021. The entries of service for these defendants were filed with this Court on October 26, 2021. Alfa has complied with the requirements set forth by the Federal Rules of Civil Procedure, while Gilbert, Three Oaks, and JLD have failed to respond to this lawsuit. Fed. R. Civ. P. 12 required Defendants to serve upon Alfa's counsel an answer to the complaint within twenty-one (21) days after the defendants were served, but Gilbert, Three Oaks, and JLD have not filed a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A). As such, the Court finds an entry of default judgment appropriate.

### III.   CONCLUSION

For the foregoing reasons, Alfa's motion for default judgment is **GRANTED**. The Clerk is **DIRECTED** to enter a declaratory judgment that Alfa Insurance Corporation is not obligated to defend, indemnify, or otherwise provide insurance coverage for these defendants for any claims arising out of the underlying action, including claims for damages arising out of certain construction actions taken on the Property in Monroe County, Georgia, as referenced in the underlying action.

**SO ORDERED**, this 8th day of February, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
